UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

FRANCES NIMMONS, ROY NIMMONS and
STEPHANIE NIMMONS,

                        Plaintiffss,

**COMPLAINT**

-against-

**JURY TRIAL DEMANDED**

THE CITY OF NEW YORK, POLICE OFFICER FILIP GLOWA,
Shield No. 12354, Individually and in their Official Capacity, and
POLICE OFFICERS "JOHN DOE" 1-10, Individually and in their
Official Capacities, the name John Doe being fictitious as the true
names are not presently known,

                        Defendants.
-------------------------------------------------------------X

Plaintiffs, FRANCES NIMMONS, ROY NIMMONS, AND STEPHANIE NIMMONS, by and through their attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for their Complaint, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

1

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiffs, FRANCES NIMMONS, ROY NIMMONS, AND STEPHANIE NIMMONS, are, and have been, at all relevant times, residents of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. At all times hereinafter mentioned, the individually named defendants, P.O. FILIP GLOWA, and POLICE OFFICERS "JOHN DOE" 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules,

regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

13. On or about February 12, 2013, at approximately 6:00 a.m., plaintiffs FRANCES NIMMONS, ROY NIMMONS, AND STEPHANIE NIMMONS, were lawfully present in their family home at 95-15 Brisbin Street in the County of Queens and State of New York.

14. At that time and place, the individually named officers burst through the plaintiffs' front door with their guns drawn.

15. The officers then secured the plaintiffs and conducted a full search of the premises, uncovering no evidence that the plaintiffs had engaged in any criminal or unlawful activity, whatsoever.

16. The defendant officers thereafter placed each plaintiff in handcuffs with their hands secured tightly behind their backs.

17. At no time on February 12, 2013 did plaintiffs commit any crime or violation of law.

18. At no time on February 12, 2013 did defendants possess probable cause to arrest plaintiffs.

19. At no time on February 12, 2013 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiffs.

20. At no time on February 12, 2013 did defendants posses probable cause, privilege, or

consent, or, upon information and belief, a warrant, to search the plaintiffs' residence.

21. Defendants thereafter transported plaintiffs to a nearby police precinct.

22. In connection with plaintiffs' arrests, the defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the Queens County District Attorney's Office.

23. As a result of the defendants' conduct, the plaintiffs were each charged with Criminally Using Drug Paraphernalia in the Second Degree.

24. Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of the plaintiffs' arrests.

25. Specifically, defendants falsely, knowingly, and maliciously alleged that the plaintiffs possessed and/or used drug paraphernalia.

26. As a direct result of their unlawful arrest and the unlawful acts of the defendants, each plaintiff spent approximately ten hours in custody.

27. Additionally, as a direct result of the defendants' unlawful actions, plaintiffs spent approximately three months making court appearances.

28. Despite defendants' actions, all charges against plaintiffs, FRANCES NIMMONS, ROY NIMMONS, and STEPHANIE NIMMONS, were dismissed on May 7, 2013.

29. As a result of the foregoing, plaintiffs FRANCES NIMMONS, ROY NIMMONS, and STEPHANIE NIMMONS sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of their constitutional rights.

### FIRST CLAIM FOR RELIEF FOR DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

30. Plaintiffs repeat, reiterate, and reallege each and every allegation set forth above with

the same force and effect as if fully set forth herein.

31. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

32. All of the aforementioned acts deprived plaintiffs, FRANCES NIMMONS, ROY NIMMONS, and STEPHANIE NIMMONS, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. §1983.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

35. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF FOR FALSE ARREST UNDER 42 U.S.C. § 1983

36. Plaintiffs repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein.

37. As a result of the defendants' conduct, plaintiffs were subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and

confined without probable cause, privilege, or consent.

38. As a result of the foregoing, plaintiffs' had their liberty restricted, they were put in fear for their safety, and were humiliated and subjected to handcuffing and other physical restraints without probable cause.

## THIRD CLAIM FOR RELIEF FOR
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

39. Plaintiffs repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein.

40. Defendants misrepresented and falsified evidence before the Queens County District Attorney.

41. Defendants did not make a complete and full statement of facts to the District Attorney.

42. Defendants withheld exculpatory evidence from the District Attorney.

43. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiffs, FRANCES NIMMONS, ROY NIMMONS, and STEPHANIE NIMMONS.

44. Defendants lacked probable cause to initiate criminal proceedings against plaintiffs, FRANCES NIMMONS, ROY NIMMONS, and STEPHANIE NIMMONS.

45. Defendants acted with malice in initiating criminal proceedings against plaintiffs, FRANCES NIMMONS, ROY NIMMONS, and STEPHANIE NIMMONS.

46. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiffs, FRANCES NIMMONS, ROY NIMMONS, and STEPHANIE

confined without probable cause, privilege, or consent.

38. As a result of the foregoing, plaintiffs' had their liberty restricted, they were put in fear for their safety, and were humiliated and subjected to handcuffing and other physical restraints without probable cause.

## THIRD CLAIM FOR RELIEF FOR
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

39. Plaintiffs repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein.

40. Defendants misrepresented and falsified evidence before the Queens County District Attorney.

41. Defendants did not make a complete and full statement of facts to the District Attorney.

42. Defendants withheld exculpatory evidence from the District Attorney.

43. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiffs, FRANCES NIMMONS, ROY NIMMONS, and STEPHANIE NIMMONS.

44. Defendants lacked probable cause to initiate criminal proceedings against plaintiffs, FRANCES NIMMONS, ROY NIMMONS, and STEPHANIE NIMMONS.

45. Defendants acted with malice in initiating criminal proceedings against plaintiffs, FRANCES NIMMONS, ROY NIMMONS, and STEPHANIE NIMMONS.

46. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiffs, FRANCES NIMMONS, ROY NIMMONS, and STEPHANIE

NIMMONS.

47. Defendants lacked probable cause to continue criminal proceedings against plaintiffs, FRANCES NIMMONS, ROY NIMMONS, and STEPHANIE NIMMONS.

48. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

50. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiffs' favor on or about May 7, 2013 when the charges against them were dismissed.

51. As a result of the foregoing, plaintiffs had their liberty restricted, they were put in fear for their safety, and humiliated and subjected to handcuffing and other physical restraints without probable cause.

### FOURTH CLAIM FOR RELIEF
### FOR UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983

52. Plaintiffs, FRANCES NIMMONS, ROY NIMMONS, and STEPHANIE NIMMONS, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein.

53. Plaintiffs were subjected to a thorough and complete search of their home without privilege, consent causing, or probable cause, and upon information and belief, a warrant.

54. As a result of the foregoing, plaintiffs, FRANCES NIMMONS, ROY NIMMONS, and STEPHANIE NIMMONS, were subjected to an unreasonable and intrusive search in violation of their right to be free from unreasonable search, as secured by the Constitution of the United States.

## FIFTH CLAIM FOR RELIEF
## FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

55. Plaintiffs, FRANCES NIMMONS, ROY NIMMONS, and STEPHANIE NIMMONS, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

56. Defendants arrested and incarcerated plaintiffs, FRANCES NIMMONS, ROY NIMMONS, and STEPHANIE NIMMONS, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrests and incarcerations would jeopardize plaintiffs' liberty, well-being, and safety, and violate their constitutional rights.

57. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials with all the actual and/or apparent authority attendant thereto.

58. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

59. Those customs, policies, patterns, and practices include, but are not limited to:

    i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

    iv. failing to properly train police officers in the requirements of the United

States Constitution.

60. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

  i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

  ii. arresting individuals regardless of probable cause in order to affect precinct-wide statistics;

  iii. falsifying evidence and testimony to support those arrests;

  iv. falsifying evidence and testimony to cover up police misconduct.

61. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department evidence a deliberate indifference to the safety, well-being and constitutional rights of plaintiffs, FRANCES NIMMONS, ROY NIMMONS, and STEPHANIE NIMMONS.

62. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

63. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

64. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, plaintiffs were incarcerated unlawfully.

65. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiffs.

66. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiffs' constitutional rights.

67. All of the foregoing acts by defendants deprived plaintiffs of federally protected constitutional rights, particularly their Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

**PENDANT STATE CLAIMS**

68. Plaintiffs, FRANCES NIMMONS, ROY NIMMONS, AND STEPHANIE NIMMONS, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein.

69. On or about February 25, 2013, and within (90) days after the claims herein accrued, the plaintiffs duly served upon, presented to and filed with defendant, THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required by the applicable statutes.

70. Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claims.

71. Defendant THE CITY OF NEW YORK conducted a hearing pursuant to General Municipal Law § 50-h on or about July 9, 2013.

72. This action was commenced within one (1) year and ninety (90) days after the causes of action herein accrued.

73. Plaintiffs have complied with all conditions precedent to maintaining the instant action.

74. This action falls within one or more of the exceptions outlined in C.P.L.R. §1602.

## SIXTH CLAIM FOR RELIEF
## FOR ASSAULT AND BATTERY UNDER NEW YORK LAW

75. Plaintiffs, FRANCES NIMMONS, ROY NIMMONS, AND STEPHANIE NIMMONS, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

76. At the aforesaid place and time, the individually named defendants did cause plaintiffs, FRANCES NIMMONS, ROY NIMMONS, and STEPHANIE NIMMONS, to be unlawfully assaulted and battered without cause or provocation.

77. The aforesaid assault and battery were caused by the individually named defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

78. As a result of the aforesaid assault and battery, plaintiffs, FRANCES NIMMONS, ROY NIMMONS, AND STEPHANIE NIMMONS, were injured, both physically and mentally.

## SEVENTH CLAIM FOR RELIEF
## FOR FALSE ARREST AND IMPRISONMENT UNDER NEW YORK LAW

79. Plaintiffs, FRANCES NIMMONS, ROY NIMMONS, AND STEPHANIE NIMMONS, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

80. As a result of the aforesaid conduct by defendants, plaintiffs were subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined without probable cause, privilege or consent.

81. As a result of the foregoing, plaintiffs' had their liberty restricted for an extended period of time, they were put in fear for their safety, and they were humiliated and subjected to handcuffing and other physical restraints, without probable cause.

82. As a result of the foregoing plaintiffs, FRANCES NIMMONS, ROY NIMMONS, and STEPHANIE NIMMONS, were caused to sustain physical and emotional injuries.

### EIGHTH CLAIM FOR RELIEF
### FOR RELIEF UNDER N.Y. STATE LAW
### MALICIOUS PROSECUTION

83. Plaintiffs, FRANCES NIMMONS, ROY NIMMONS, AND STEPHANIE NIMMONS, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

84. Defendants misrepresented and falsified evidence before the Queens County District Attorney.

85. Defendants did not make a complete and full statement of facts to the District Attorney.

86. Defendants withheld exculpatory evidence from the District Attorney.

87. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiffs, FRANCES NIMMONS, ROY NIMMONS, and STEPHANIE NIMMONS.

88. Defendants lacked probable cause to initiate criminal proceedings against plaintiffs, FRANCES NIMMONS, ROY NIMMONS, and STEPHANIE NIMMONS.

89. Defendants acted with malice in initiating criminal proceedings against plaintiffs, FRANCES NIMMONS, ROY NIMMONS, and STEPHANIE NIMMONS.

90. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiffs, FRANCES NIMMONS, ROY NIMMONS, and STEPHANIE NIMMONS.

91. Defendants lacked probable cause to continue criminal proceedings against plaintiffs, FRANCES NIMMONS, ROY NIMMONS, and STEPHANIE NIMMONS.

92. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

93. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiffs' favor on or about May 7, 2013 when the charges against them were dismissed.

94. As a result of the foregoing, plaintiffs' had their liberty restricted, they were put in fear for their safety, they were humiliated, and their constitutional rights were violated.

## NINTH CLAIM FOR RELIEF
## UNDER N.Y. STATE LAW FOR
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

95. Plaintiffs, FRANCES NIMMONS, ROY NIMMONS, and STEPHANIE NIMMONS, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

96. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

97. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

98. The aforementioned conduct was committed by defendants while acting in

furtherance of their employment by defendant THE CITY OF NEW YORK.

99. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiffs.

100. As a result of the aforementioned conduct, plaintiffs suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## TENTH CLAIM FOR RELIEF
## UNDER N.Y. STATE LAW
## NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

101. Plaintiffs repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

102. Defendant, CITY OF NEW YORK, selected, hired, trained, retained, assigned and supervised all members of its Police/Peace Department, including the defendants individually named above.

103. Defendant, CITY OF NEW YORK was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police/Peace Department including the defendants individually named above.

104. Due to the negligence of the defendants as set forth above, plaintiffs suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation, shock, fright, and loss of freedom.

**WHEREFORE**, the plaintiffs respectfully request judgment against defendants as follows:

    i. an order awarding compensatory damages in an amount to be determined at trial;

    ii. an order awarding punitive damages in an amount to be determined at trial;

   iii.    reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

   iv.    directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
November 26, 2013

                              Respectfully submitted,

                              **LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiffs*

By:    MATTHEW SHROYER (MS-6041)
        80 Maiden Lane, 12th Floor
        New York, New York 10038
        (212) 962-1020